THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAT KELLEY, Plaintiff in Error.

*Opinion filed October 24, 1916.*

1. CRIMINAL LAW—*felonious intent must be proved to convict of burglary.* The intent is an essential element of the crime of burglary and must be proved beyond a reasonable doubt, and one cannot be rightfully convicted of burglary merely because he stole property while in a store, without proof of criminal intent at the time of his entry.

2. SAME—*what evidence not sufficient to prove felonious intent.* Evidence that the accused was in a drug store where circus tickets were being sold; that he was first observed in the out-going line of purchasers, where he was seen to raise the coat and examine the hip pockets of the man in front of him but not to take anything, then to cross over to the in-going line without leaving the store, is not sufficient to prove, beyond a reasonable doubt, a felonious intent at the time of his entry, where there is no evidence as to whether or not he bought a ticket or anything else, or as to when he entered the store, or why or how long he had been there.

CARTER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

NEELY, GALLIMORE, COOK & POTTER, for plaintiff in error.

P. J. LUCEY, Attorney General, ED. M. SPILLER, State's Attorney, and EUGENE P. MORRIS, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Pat Kelley prosecutes this writ of error to reverse a judgment convicting him of burglary and larceny. The indictment charged him with entering a store building of the Parks-Hartwell Drug Company in the daytime, without force, the doors and windows being open, with intent to steal the goods and chattels of Taylor Deaton and stealing $12 of Deaton's money.

There was no contradiction in the testimony, the defendant offering none. The facts proved were, that on October 6, 1915, Barnum & Bailey's circus was in the city of Marion and tickets for it were on sale in the back part of the Parks-Hartwell drug store. There were many people in the store, one line going into the place where the tickets were sold and the other going out. The defendant, being in the line going out, was seen to put his hands in both coat pockets of Taylor Deaton, who was immediately in front of him, and to lift Deaton's coat and examine his hip pockets but not to take anything. When the defendant reached the door he did not go out but crossed over to the line going in and went around again. Some women who had observed his actions pointed him out to the sheriff and the defendant started to run down an alley, but the sheriff caught him within two or three hundred feet. He had in his pockets $95 in bills, rolled up tight and tied with a shoestring. In the roll was a ten-dollar gold certificate. In his outside pockets were three one-dollar bills, a silver dollar, a quarter, a dime and two cents. No one saw the defendant enter the store. He first was seen, according to the testimony, in the outgoing line. There were a cigar stand and a soda fountain in the store, but the defendant was not seen to buy circus tickets, cigars, drinks, drugs or any other thing. Deaton, before going into the drug store, had been

standing in front of a bank building, twenty-five or fifty yards from the store. He took money for his circus tickets out of his pocket-book and put the pocket-book in his pocket. He went into the drug store thinking he had his pocket-book, got his tickets, and in about fifteen minutes was back in front of the bank, when he put his hand in his pocket and found his pocket-book gone. He lost a ten-dollar bill and some silver,—he did not know how much,— two dollars or two dollars and a half.

The plaintiff in error insists that the conviction of burglary cannot be sustained because the entry was not a trespass or unlawful but was with the consent and upon the invitation of the owner, and because the proof does not show an entry with intent to commit larceny. It will be necessary to consider the latter claim, only.

The intent is an essential element of the crime of burglary and must be proved beyond a reasonable doubt. There is no evidence as to the intent with which the defendant entered the store, unless it is found in his conduct after entering. He was in the store when first observed by any witness and in the line which had passed the place for selling tickets. There is no evidence as to whether he had bought a ticket or anything else. When he came into the store, or why, or how long he had been there, are questions for which the evidence furnishes no answer,—certainly not beyond a reasonable doubt. He may have taken advantage of the opportunity to commit larceny, but his presence in the store is as consistent with his innocence as with his guilt of the criminal intent at the time of his entry. Under such circumstances it cannot be said that the felonious intent is proved beyond a reasonable doubt. The plaintiff in error cannot be rightfully convicted of burglary merely because he stole while in the store, if he did steal. The evidence did not justify the conviction of burglary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.