(No. 25463.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MYLER, Plaintiff in Error.

*Opinion filed June 14, 1940.*

WALTER V. DYSERT, and H. J. HASCH, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, OLIVER D. MANN, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, John Myler, thirty-two years of age, was convicted by a jury in the circuit court of Vermilion county upon an indictment consisting of two counts. The

first charged breaking and entering a chicken house of Harry B. Williamson with intent to commit larceny. The second charged entering without force with intent to commit larceny. Sentenced to imprisonment in the penitentiary, he prosecutes this writ of error.

Williamson owned a farm in Vermilion county and was engaged in the business of raising leghorn chickens, which were kept in a chicken house situated upon the premises. At the time of his alleged offense the defendant was in the employ of Williamson and had been for approximately four years. During January and February of 1939, Williamson missed some of his chickens and caused a warrant to be issued. The defendant, when arrested, admitted he had stolen the chickens at different times, and had taken part of them from Williamson's chicken house. In a signed confession he acknowledged stealing and later selling the chickens in lots of five dollars, to a total value of fifty dollars. Signatures on the records of a poultry company were identified as having been made by the defendant when he sold the chickens, and he testified only in denial of his signatures on the company records. He was not cross-examined. Williamson and twelve other witnesses testified to his good reputation. A statement, written by Williamson on the day of the trial, representing that defendant was then in his employ, and requesting dismissal of the prosecution, was excluded upon objection of the People.

The sole issue requiring consideration is the sufficiency of the evidence to establish that defendant entered Williamson's chicken house with a criminal intent. The gravamen of the offense of burglary is the intent with which the building is entered. (*People* v. *Gillespie,* 344 Ill. 290; *People* v. *Mendelson,* 264 id. 453.) When larceny is shown to have been committed within a building, a criminal intent will be presumed if the entry was made without a right so to do, or on an errand not connected with the business of the owner. (*People* v. *Weiss,* 367 Ill. 580; *People* v.

*Geisler,* 348 id. 510.) Admitting that the defendant had a right to enter during the day because of his employment by Williamson, the People nevertheless urge that a criminal intent should be presumed from his several thefts and from his admission to deputy sheriffs that he stole the chickens because he needed money. Since he necessarily entered the chicken house on numerous occasions in the line of his duty, his commission of more than one theft indicates no more than that the defendant on certain occasions succumbed to temptation after entry had been gained. Nor does his need for money signify an intention to steal had been formed before entering the building. The observation of this court in *People* v. *Kelley,* 274 Ill. 556, reversing the conviction of an accused who had been observed stealing while within a drug store, is equally applicable to the evidence in the present case: "There is no evidence as to the intent with which the defendant entered the store, unless it is found in his conduct after entering. * * * He may have taken advantage of the opportunity to commit larceny, but his presence in the store is as consistent with his innocence as with his guilt of the criminal intent at the time of his entry. Under such circumstances it cannot be said that the felonious intent is proved beyond a reasonable doubt."

That defendant entered the building during the night, when his employment perhaps did not afford him this privilege, would be an unwarranted conclusion. No reference to this fact is to be discovered in the evidence, except in the testimony of two deputy sheriffs, Ward and Mills. Ward stated on direct examination that the defendant had said he took the chickens from the house, and on cross-examination, that he took them at night. The witness did not testify that defendant admitted having taken them from the chicken house at night. The other deputy, Mills, admitted he did not know whether the defendant had said he went into the building at night. There being no other evidence as to the time of entry, and no basis for a pre-

sumption that the chickens were in the house rather than in the yard or roosting on trees when defendant stole them at night, a finding of burglarious breaking and entry at night is without foundation.

The evidence being inadequate to support a finding, beyond a reasonable doubt, that defendant entered the chicken house during the night, or possessed a criminal intent when entering during the day, the judgment is without a substantial basis. Larceny of a value exceeding fifteen dollars is punishable by imprisonment in the penitentiary not less than one nor more than ten years. Burglary is punishable by any term of years not less than one or for life. The defendant could not be placed in jeopardy for an offense that carried a more severe sentence than the one of which he might have been guilty.

The judgment of the circuit court is reversed.

*Judgment reversed.*