THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN VALLERO, Defendant-Appellant.
Third District   No. 77-208

Opinion filed June 29, 1978.

STENGEL, J., specially concurring.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant Steven Vallero from the circuit court of La Salle County which after trial by jury found him guilty of the offense of burglary, theft, and five offenses of forgery. The defendant was sentenced to a term of not less than 3 nor more than 9 years in the penitentiary for the offense of burglary and a like sentence was imposed on each of the forgery offenses. All of the sentences were to run concurrently. No sentence was imposed for the theft offense.

On September 14, 1976, during the afternoon hours, the defendant along with Michael Holt entered the office area of the Supreme Dairy at Oglesby, Illinois. The defendant requested a job application form which he received along with instructions to fill out the same. He was told to be seated at a desk where payroll checks were being prepared by an employee of the dairy, Barbara Powell. After sitting at the desk the defendant asked to use the rest room. His companion Holt at this time left the building. When the defendant returned from the rest room he turned in the job application form, which was blank, and also left the building. The dairy employee Powell later determined that a number of payroll checks were missing.

The defendant participated with his companion Holt and two female friends in forging and cashing a number of the payroll checks. The defendant participated in a division of the proceeds derived from the forgeries.

The issue presented by this appeal is whether the defendant was guilty of the offense of burglary as defined by our Criminal Code.

■■ We note that the State in its brief asserts that this issue raised by the defendant was not properly preserved in order to be raised in this appeal. We do not so interpret the record, but even if not preserved for review we shall nevertheless consider the issue under the plain error doctrine

embodied in Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)).

Section 19—1(a) of our Criminal Code of 1961 states:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, * * * with intent to commit therein a felony or theft. * * *" Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).

From the evidence adduced during the defendant's trial it is clear that the defendant's entry into the dairy, a public place, was not coupled with an intent to commit a theft. There is no evidence to the effect that he knew that payroll checks would be in the office of the dairy. The record indicates that it was a mere coincidence which placed the checks within the defendant's reach. The intent to steal them was formulated after he entered the building and saw them.

The record in this case also fails to establish that the defendant remained in the building with the intent to commit theft. The defendant's actions were far different than that of the defendant in the case of *People v. Manning* (1977), 46 Ill. App. 3d 877, 361 N.E.2d 370. In *Manning* the defendant entered a drug store during business hours, then secreted himself in the store until it had closed with the intent to steal drugs.

In the instant case the evidence established that the defendant lawfully entered the dairy and it fails to establish that when he made his entry he was possessed with an intent to commit a theft. The intent to steal arose after his entry. Such a situation does not support a burglary charge in our State. See *People v. Myler* (1940), 374 Ill. 72, 28 N.E.2d 83, where a burglary conviction was reversed since there was insufficient evidence that the defendant entered a building with intent to commit a theft. In reversing our supreme court held that a subsequently formed intent was not enough to support a burglary conviction. (*People v. Kelley* (1916), 274 Ill. 556, 113 N.E. 926; *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245.) In *Weaver* our supreme court reiterated the rule that a criminal intent formulated after a lawful entry will not satisfy the burglary statute. In the instant case the State failed to prove an essential element of the offense of burglary, to-wit, that the defendant entered the dairy or remained therein with the intent to commit a theft. Lacking this necessary element it is incumbent upon the court to vacate the burglary conviction.

The defendant was sentenced on each of the five forgery counts to a term of not less than 3 nor more than 9 years in the penitentiary. The identical sentence was imposed upon the burglary conviction. All of the six sentences were to run concurrently. The defendant urges that if the burglary conviction is reversed and vacated then this cause should be remanded because the trial court may have been influenced by the

burglary conviction when imposing the other sentences. We agree with the defendant and this court has established a precedent for such a remand. (See *People v. Guppy* (1975), 30 Ill. App. 3d 489, 333 N.E.2d 576.) We therefore vacate the burglary conviction and remand this case to the trial court with directions to enter a judgment of guilty for the offense of theft and to impose a sentence thereon and to further hold a new resentencing hearing as to the forgery offenses.

Reversed in part, affirmed in part, and remanded with directions.

ALLOY, J., concurs.

Mr. JUSTICE STENGEL, specially concurring:

I agree with the result reached by the court in this case. However, I would like to note my discord with the majority's suggestion that a defendant may be convicted of burglary only if he intended to commit a theft or felony when he entered the building.

As I interpret section 19—1 of our Criminal Code, a person may commit the offense of burglary in two alternative ways. A person is guilty of burglary if he either (1) enters a building without authority and with intent to commit a theft or felony or (2) remains within a building without authority and with intent to commit a theft or felony. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) Under each alternative there must be an unlawful act, entering or remaining without authority, coupled with the requisite mental state, intent to commit a theft or felony. The criminal act and the criminal intent must concur to constitute the crime.

In the present case defendant had authority to enter the dairy and he did not intend to commit a theft or felony when he entered. Thus, he clearly cannot be guilty of burglary under alternative (1). Nor can defendant be guilty of burglary under alternative (2). Although defendant formed the requisite intent to steal after entering the dairy, he did not do the required unlawful act. That is, defendant did not "without authority remain within" the dairy. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) Defendant had authority to enter the dairy and that authority was never terminated. His presence on the premises was at all times lawful. It is not the fact that defendant's criminal intent arose subsequent to entry which precludes his conviction of burglary in this case. Rather, it is the fact that defendant had authority to be in the dairy which requires us to reverse the instant burglary conviction.

I believe that an intent to commit a theft or felony formed subsequent to a lawful entry may be a proper basis for a burglary conviction if it is proven that the defendant also committed the unlawful act of remaining in the building without authority. For example, if the defendant in this

case had secreted himself in the dairy beyond the time it was open to the public with the intent to steal the checks after everyone else was gone he could properly be convicted of burglary. The fact his intent to steal was formed after he had lawfully entered the building would be inconsequential because his presence in the building beyond authorized hours would satisfy the "without authority" element of the burglary statute and there would be a proper combination of unlawful act and criminal intent. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) Indeed, I believe this is precisely the situation which the legislature must have contemplated when it enacted the "remains within" provision of section 19—1. The majority's suggestion that a defendant must possess the requisite criminal intent at the time he enters the building would render the "remains within" provision of the burglary statute superfluous. In all cases a burglary conviction would have to be based on the defendant's unlawful entry of the building with intent to commit a theft or felony.

Three cases are cited in the majority opinion in support of the suggestion that a subsequently formed intent will not support a burglary conviction. *People v. Myler* (1940), 374 Ill. 72, 28 N.E.2d 83, and *People v. Kelley* (1916), 274 Ill. 556, 113 N.E. 926, are inapposite. Both cases were decided under a burglary statute which did not include the "remains within" provision embodied in section 19—1 of our present Code. (See Ill. Rev. Stat. 1939, ch. 38, par. 84.) While it is true that Justice Schaefer in *People v. Weaver* (1968), 41 Ill. 2d 434, 439, 243 N.E.2d 245, 248 stated, "A criminal intent formulated after a lawful entry will not satisfy the statute," that statement was dicta only and it must be construed in light of the facts present in that case. *Weaver* did not involve a situation where the defendant formed a criminal intent after lawfully entering a building and then remained beyond authorized hours. The "remains within" provision of the burglary statute was never discussed by J. Schaefer and it is clear to me that his statement is inapplicable where the defendant forms his criminal intent after a lawful entry and then "without authority remains within the building" for the purpose of carrying out that intent. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) I believe the defendant could properly be convicted of burglary in such a case, notwithstanding the fact his criminal intent arose subsequent to a lawful entry.

I concur in the partial reversal and remand of this cause.