THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD BOONE, Defendant-Appellant.

Third District   No. 3—90—0353

Opinion filed August 20, 1991.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

A jury found the defendant, Leonard Boone, guilty of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)). The trial court subsequently sentenced him to a six-year term of imprisonment. He appeals, and we reverse.

The record reflects the vacant building the defendant entered was owned by William Parr, who testified he never gave the defendant permission to enter it. Two witnesses testified they saw the defendant fleeing from inside the building. Although nothing was taken from the building, several windows stored inside were broken and their aluminum frames twisted off.

The defendant was charged with burglary by an indictment which alleged that Boone did, on or about August 26, 1989, without authority, knowingly enter or remain within a building, owned by William Parr, with the intent to commit therein a theft. However, the State

proceeded on the "remaining within" theory and *only* submitted jury instructions on that charge. Consequently, the jury's verdict was premised upon a finding that the defendant intended to commit a theft after remaining within the building.

On appeal, the defendant argues the evidence was insufficient to sustain a conviction for burglary. Specifically, he contends that he could not be found guilty of burglary by unlawfully remaining since he had no legal authority to enter the building in the first place.

■ To sustain a conviction for burglary, the State is required to prove either (1) the defendant entered the building without authority and with the intent to commit a felony or theft, or (2) he remained within the building without authority and with the intent to commit a felony or theft. (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a); *People v. Vallero* (1978), 61 Ill. App. 3d 413, 378 N.E.2d 549.) A criminal intent formed after a lawful entry will satisfy the offense of burglary by unlawfully remaining. (*People v. Boose* (1985), 139 Ill. App. 3d 471, 487 N.E.2d 1088.) Whether the requisite intent existed is a question for the trier of fact, and the decision of the fact finder will not be overturned on appeal unless the evidence is contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of guilt. *People v. Sehr* (1986), 150 Ill. App. 3d 118, 501 N.E.2d 848.

■ In the instant case, the defendant was convicted of burglary by unlawfully remaining. However, as noted above, the unlawfully remaining provision only applies in cases where the initial entry was lawful, since only in those cases can the requisite intent be formed after entry. Here, the evidence unquestionably shows the defendant *unlawfully* entered Parr's building. Accordingly, he could not be convicted of burglary by unlawfully remaining. Therefore, we find the defendant was not proved guilty beyond a reasonable doubt of burglary.

Our resolution of this issue renders moot the remaining issues raised by the defendant.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

STOUDER, P.J., and BARRY, J., concur.