THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIE BOGUSZEWSKI, Defendant-Appellant.

Third District   No. 3—90—0416

Opinion filed October 18, 1991.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Following a bench trial, the court convicted the defendant, Marie Boguszewski, of burglary and theft (Ill. Rev. Stat. 1989, ch. 38, pars. 19—1(a), 16—1(a)(1)). The court thereafter sentenced her to concurrent prison terms of 4 years and 364 days, respectively. The defendant appeals.

The record shows that at 4:45 a.m. on October 29, 1989, Kevin Hill, the night watchman for Vulcan Materials, heard the defendant calling "hello" from the lunchroom area of the plant. He testified that he recognized her voice because he had answered many of her numerous telephone calls to the office asking to speak with Jerry Coleman, a Vulcan employee. Hill also had seen the defendant when she was previously arrested at the plant.

After hearing the defendant's voice, Hill entered the lunchroom and saw her standing near a table, holding a piece of paper. She asked Hill if she could leave a note on Jerry Coleman's time card. Hill told her "no" and to leave immediately or he would call the police. The defendant repeated her request, and Hill gave her the same response. The defendant, who was standing about 10 feet from the time card rack, turned, ran out the door with the paper in her hand, got in her car, and drove away. After she had gone, Hill discovered that Coleman's time card was missing and called the police.

Police officer Huey Boyt testified that he was dispatched to investigate Hill's report. After speaking with Hill at the plant, he went in search of the defendant. He found her pulling her car into a parking lot. Officer Boyt approached her, told her what she was suspected of, and asked her if she had the time card. She replied, "If I give it to

you will the charges be dropped?" Boyt then placed her under arrest and transported her to the county jail. He testified that while Officer Standifer was "booking" the defendant, she recovered Coleman's time card from the defendant's purse.

The State and the defendant stipulated that if Officer Susan Standifer were called to testify she would state that her routine, in-custody search led to the discovery of the time card in the defendant's purse.

Jerry Coleman testified that he had known the defendant for about 10 years. He was employed by Vulcan Materials as a laborer in October of 1989. He was not working at the time the incident in question occurred.

The defendant largely corroborated the testimony of Kevin Hill, the night watchman. She stated that she went to Vulcan Materials at 4:45 a.m. knowing that Coleman would not be there at that time and only wanting to attach a note to Coleman's time card. She stated she had written the note while driving to the plant. In the note she requested that Coleman contact her. The defendant said she became frightened and left when Hill threatened to call the police. She did not realize she still had the time card until she got in her car. At that point the defendant was too frightened to return the card, so she left. She did not know what had happened to the note she had written.

The defendant admitted that she had been arrested at the plant about one year earlier when she had gone there to see Coleman. She also stated that she had been phoning Vulcan Materials approximately 30 times each night when Coleman was working. She admitted that her past meetings with Coleman were not pleasant. She also stated that the plant was located several miles west of Kankakee. The defendant acknowledged that she and Coleman both lived in town and she knew where he lived. She could not say why she had not placed the note in Coleman's home mailbox.

On appeal, the defendant argues that her conviction for burglary should be reversed. Specifically, she contends that the State failed to prove her guilty beyond a reasonable doubt, since it failed to show she entered the plant with the intent to commit a theft.

■■ To sustain a conviction for burglary, the State is required to prove either that the defendant entered the building without authority and with the intent to commit a felony or theft, or that she remained within the building without authority and with the intent to commit a felony or theft. (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a); *People v. Vallero* (1978), 61 Ill. App. 3d 413, 378 N.E.2d 549.) The intent element of burglary may be established circumstantially, but must be

proved beyond a reasonable doubt. *People v. Obrochta* (1986), 149 Ill. App. 3d 944, 500 N.E.2d 1059.

■ Unlawful entry into a building containing personal property that could be the subject of larceny gives rise to an inference of intent sufficient to sustain a burglary conviction. (*People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864.) However, this inference is permissible only in the absence of circumstances that are inconsistent with an intent to commit a theft. (See *People v. Ehrich* (1988), 165 Ill. App. 3d 1060, 519 N.E.2d 1137.) The failure to conceal one's identity may be considered in determining the existence of criminal intent. *People v. Beasley* (1976), 41 Ill. App. 3d 550, 353 N.E.2d 699.

■ The evidence in the instant case failed to establish that the defendant entered the building with the intent to commit a theft. The defendant testified that she entered intending to leave a note on Coleman's time card. She became frightened and left with the time card when Hill, the night watchman, threatened to call the police. Hill corroborated the defendant's testimony that she twice asked to leave a note on Coleman's time card and ran out the door when he told her to leave immediately or he would call the police.

Furthermore, Hill testified that he only discovered the defendant after he heard her calling "hello" from the lunch room. It is apparent the defendant was not attempting to conceal her identity by this action. Indeed, this behavior is consistent with the defendant's explanation that she entered the plant to leave a note on Coleman's time card. It would be very strange behavior for one who intended to commit a theft. For these reasons, we find that the defendant was not proved guilty of burglary beyond a reasonable doubt. We therefore reverse the defendant's burglary conviction. Inasmuch as the defendant does not challenge her theft conviction, we affirm it.

The judgment of the circuit court of Kankakee County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

STOUDER, P.J., and SLATER, J., concur.