THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE CLARENCE DAVIS, Defendant-Appellant.

Third District    No. 3—91—0931

Opinion filed September 15, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Willie Clarence Davis, was charged with two counts of first degree murder and one count of burglary. He pled guilty to one count of first degree murder and received a sentence of natural life imprisonment. Thereafter, he filed a motion to reduce sen-

tence or withdraw his plea. The trial court denied the motion, and the defendant appeals.

At the guilty plea hearing, the State informed the court that the possible term for first degree murder was 20 to 100 years. The trial judge, *sua sponte*, explained to the defendant that the maximum sentence would be natural life if he found the murder was particularly heinous or brutal or was committed in the course of a felony. The defendant then pled guilty. In return for the plea, the State dropped the first degree felony murder and burglary charges, and agreed not to seek the death penalty.

The evidence offered at the plea and sentencing hearings showed that the defendant went to the victim's residence to talk to the victim's son. The son, however, was not present. When the victim refused to let the defendant inside, the defendant pushed his way into the residence. A confrontation ensued. The victim, whom the defendant had known for many years, called the defendant "a nigger." The defendant then repeatedly stabbed and shot the victim. Leaving the victim for dead, the defendant stole a revolver and a .22 caliber shotgun. Later, the defendant tried to sell the guns.

The evidence further showed that the defendant had a history of substance abuse and mental problems. According to the presentence report, he was under the influence of drugs and alcohol on the night of the crime. His only explanation for the offense was that he was "trying to kill myself, or cause my own death."

At the sentencing hearing, the trial judge stated, "the defendant is eligible for a sentence of natural life because it was an offense which the defendant could have received a sentence for death." The court noted that the aggravating factor for the death sentence was that the defendant had committed a burglary in the course of the murder. The court specifically found that this factor did not have to be proved beyond a reasonable doubt. Thereafter, it imposed a sentence of natural life.

On appeal, the defendant argues that the trial court lacked authority to impose a natural life sentence because the evidence did not establish that the defendant had committed first degree murder "in the course of" committing a burglary. (See Ill. Rev. Stat. 1991, ch. 38, par. 9—1(b)(6).) He notes that for the murder to have been committed in the course of a burglary, he must have intended to commit a theft when entering the residence. (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a).) He maintains he had no intent to steal the guns at the time he entered the residence. The theft, he claims, was merely an after-

thought. Accordingly, he argues that the intent element was not established by the evidence.

■ Initially, we note that the court was mistaken in finding that burglary did not have to be proved beyond a reasonable doubt. The natural life sentence was based on the fact that the defendant could have received a death sentence if the State had not agreed to forego seeking it. An aggravating factor for a death sentence must be proved beyond a reasonable doubt. (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(f).) We find that under these circumstances, justice requires that the factor be proved beyond a reasonable doubt.

We further note that intent to commit burglary is usually established by circumstantial evidence since it is rarely susceptible of direct proof. (See *People v. Fisher* (1980), 83 Ill. App. 3d 619, 404 N.E.2d 859.) Here, the evidence shows that the defendant unlawfully entered the residence. Unlawful entry into a building containing personal property normally gives rise to an inference of intent sufficient to sustain a burglary conviction. (*People v. Boguszewski* (1991), 220 Ill. App. 3d 85, 580 N.E.2d 925.) However, this inference is not permissible if there are circumstances that are inconsistent with the intent to commit a theft. *People v. Boguszewski* (1991), 220 Ill. App. 3d 85, 580 N.E.2d 925.

■ In the instant case, the defendant went to the victim's home to speak to his son. He made no effort to conceal his identity during his unlawful entry. The failure to conceal his identity suggests that he lacked the criminal intent to commit a burglary. (*People v. Beasley* (1976), 41 Ill. App. 3d 550, 353 N.E.2d 699.) Moreover, he said that he was under the influence of drugs and alcohol, and that he only intended to cause his own death. We therefore find that the evidence failed to establish beyond a reasonable doubt that the defendant intended to commit a burglary when he entered the residence. See *People v. Obrochta* (1986), 149 Ill. App. 3d 944, 500 N.E.2d 1059.

We further note that the defendant only pled guilty to first degree murder. The charges of burglary and felony murder were dropped by the State. However, the defendant was sentenced as if he pled guilty to felony murder because the trial judge found the crime was committed in the course of a felony. The integrity of the plea process is at risk when a defendant effectively pleads guilty to one crime but is sentenced to another.

The defendant also argues that the trial judge may have mistakenly believed the defendant was guilty of burglary by unlawfully remaining. In the instant case, the defendant admitted he unlawfully entered the victim's home. Consequently, he could not have been guilty

of burglary by remaining since that offense only applies in cases where the initial entry was lawful. (*People v. Boone* (1991), 217 Ill. App. 3d 532, 577 N.E.2d 788.) Moreover, nowhere in the record did the trial judge indicate that he found burglary based on unlawful remaining. Thus, we hold that the trial judge did not find, and could not have properly found, burglary based on this theory.

Based on the foregoing, we vacate the defendant's sentence and remand the cause for resentencing. Our decision renders moot the defendant's second argument concerning the length of his sentence.

Vacated and remanded.

McCUSKEY and STOUDER, JJ., concur.