No. 76,069

STATE OF KANSAS, *Appellee,* v. TRAVIS W. BOWEN, *Appellant.*
(942 P.2d 7)

Opinion filed July 11, 1997.

*B. Kay Huff*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Alan D. Hughes*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Travis W. Bowen, in a trial by jury, was convicted of aggravated burglary (K.S.A. 21-3716), a severity level 5 person felony; possession of methamphetamine (K.S.A. 1994 Supp. 65-4160), a severity level 4 drug felony; and possession of marijuana (K.S.A. 1994 Supp. 65-4162), a misdemeanor. He was sentenced to 41 months' imprisonment, 15 months' imprisonment, and 30 days' in the county jail, respectively. These terms were ordered to run concurrently for a controlling term of 41 months. Defendant appeals only his aggravated burglary conviction, contending that the evidence is insufficient to support his conviction.

If the sufficiency of evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found defendant guilty beyond a reasonable doubt. *State v. Knighten*, 260

Kan. 47, Syl. ¶ 1, 917 P.2d 1324 (1996). See *State v. Harper*, 246 Kan. 14, 17, 785 P.2d 1341 (1990).

K.S.A. 21-3716 defines aggravated burglary as follows:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, *with intent to commit a felony*, theft or sexual battery *therein*." (Emphasis supplied.)

Specifically, defendant challenges the sufficiency of the evidence as to his intent to commit a felony in the residence.

The State alternatively charged the aggravated burglary intended felony element, and the jury was instructed on the elements of each intended felony in the following format:

Theft (Instruction 6-A)
Possession of methamphetamine (Instruction 6-B)
Aggravated Battery (Instruction 6-C)
Aggravated Assault (Instruction 6-D)

The verdict form submitted as to the aggravated burglary count was completed as follows:

"Count 3
__✓__ Guilty of Aggravated Burglary pursuant to Instruction Number:

_____ 6-A (Theft)
__✓__ 6-B (Possession of Methamphetamine)
_____ 6-C (Aggravated Battery)
__✓__ 6-D (Aggravated Assault)
_____ Not Guilty of Aggravated Burglary"

Thus, we need not speculate as to which of the alternative felonious intents the jury found. Further, possession of methamphetamine and aggravated assault are the only two with which we are concerned.

The physical facts relative to the crime were not seriously controverted, nor was there any question of identity.

As the facts are crucial to the determination of the issue raised, they must be set forth in considerable detail.

During the early morning hours of December 7, 1994, Layne and Ruth White were asleep in a second floor bedroom of their rural home. They were awakened by a loud impact sound on the side of the house, which was followed by the sound of footsteps on the first floor. Mr. White's parents live about 1½ miles away. Pursuant to a sort of mutual protection agreement, the parents were called and requested to seek help. Layne White had his wife take their young child and hide in a closet. Meanwhile, the senior Whites arrived and illuminated the house with their headlights. Reno County Sheriff's officers then arrived.

Defendant was found on the first floor of the residence on his knees beside a wood stove. He had a knife in each hand. He told officers he had placed a pressure-activated bomb in the home's basement beams. Defendant put down the pocket knife but refused to push it out of his reach. The long butcher knife was held and moved in a threatening manner toward the officers. It took approximately 30 minutes to disarm and arrest defendant. Marijuana and methamphetamine were found on defendant.

Defendant testified that he was on methamphetamine at all pertinent times. He had been at his uncle's home located some unspecified distance down the road from the Whites' home. He started walking up the road in the direction of Nickerson to meet up with some friends. It was a very cold and icy night and defendant became chilled. He walked to the Whites' home in order to get warm. He took his pocket knife out for protection. He kicked the door open and went to the kitchen to get a knife better suited "[t]o protect myself if need be." Officer Flynn testified that defendant told him after his arrest that he had opened the pocket knife before entering the residence. In further recounting defendant's statements, the officer testified:

"[H]e stated to me he was going to defend him, himself if someone tried to hurt him or bother him or jump him while he was asleep. I asked him why he had the knife before he entered the house in his hand as he kicked the door. He stated to me for the same reason. I asked him what he would have done if he was approached by someone, and he said he would have to cut them because he was going to defend himself, whatever it took."

We shall first consider the sufficiency of the evidence relative to the intent to commit the felony of possession of methamphetamine.

It is undisputed that defendant's possession of methamphetamine was wholly incidental to his entry of the Whites' home. The drug was on defendant's person but played no role in his decision to enter the residence by force or otherwise or in his decision as to what he intended to do after entering. The State does not argue otherwise. Rather, the State contends that as possession of a narcotic has been held to be a continuing offense, its mere possession by defendant is sufficient to support the aggravated burglary conviction. In support of this contention, the State cites *State v. Chapman*, 252 Kan. 606, 847 P.2d 1247 (1993).

The question in *Chapman* was venue. Three individuals were involved in drug transactions which by travel occurred in multiple counties. The key holdings of *Chapman* were:

"Under the facts set forth in this opinion, possession with the intent to sell methamphetamine was a continuing crime which was committed in each county the principal traveled through while in possession of the methamphetamine with the intent to sell." Syl. ¶ 1.

"A person who aids and abets another to commit a crime may be charged in the county where the aiding and abetting occurs or in the county where the principal crime is committed." Syl. ¶ 2.

Thus, *Chapman* is concerned with where a crime may be charged, a question wholly unrelated to the issue before us. The State cites no authority for the proposition that the mere happenstance of methamphetamine being on Chapman's person with no showing or inference that its possession was in any manner related to defendant's unlawful entry into the residence is legally sufficient to support a conviction of aggravated burglary based upon entering with the intent to commit the felony of possession of methamphetamine. Our research has yielded no authority for this contention.

Although the precise issue before us was not present in *State v. Mogenson*, 10 Kan. App. 2d 470, 701 P.2d 1339, *rev. denied* 238 Kan. 878 (1985), the case is helpful by analogy. In *Mogenson*, defendant had entered a residence with authority, and then became embroiled in an argument therein, which resulted in the withdrawal of the authority to be there. Defendant remained and committed battery. He was convicted of aggravated burglary. On ap-

peal, defendant argued that the intent to commit battery had to be present at the time of the entering. The Court of Appeals disagreed, holding that the formation of intent to commit the ulterior felony must have existed either at the time defendant entered the house or after defendant remained in the house without authorization. The intent and the entering or remaining without authority must at some time be concurrent. 10 Kan. App. 2d at 472-76.

The specific intent in an aggravated burglary, where one is charged with entering into the dwelling without authority, must exist at the time of the unauthorized entry. *State v. Brown*, 6 Kan. App. 2d 556, 560, 630 P.2d 731 (1981). Although defendant's methamphetamine possession in the case before us was wilful and wanton, he did not enter the residence with the purpose of possessing the drugs therein. We must conclude that there was insufficient evidence to support the conviction of aggravated burglary based upon entry with the intent to possess methamphetamine.

We turn now to the sufficiency of the evidence relative to aggravated burglary based upon the intent to commit an aggravated assault. The jury was instructed:

"The elements of aggravated assault are as follows:
1. That the defendant intentionally placed another person in reasonable apprehension of immediate bodily harm;
2. That the defendant used a deadly weapon;
3. That this act occurred on or about the 7th day of December, 1994, in Reno County, Kansas.

"No bodily contact is necessary."

There was evidence defendant kicked in the door and entered the residence armed with a knife in his hand to use against any occupant who approached him. Additionally, upon entry, he immediately searched for and acquired a much larger knife. He had a knife in each hand when first seen by the officers. We conclude that the evidence of aggravated burglary, based upon the intended felony of aggravated assault, is sufficient to support the conviction.

The final question to be determined is whether the insufficiency of the evidence as to the intended felony of possession of methamphetamine requires reversal of the aggravated burglary convic-

tion even though the evidence was legally sufficient as to the intended felony of aggravated assault.

In this case, we are not dealing with a general verdict on an aggravated burglary charge which set forth multiple theories as to the element of felonious intent in entering a building, such as was present in *State v. Skelton*, 247 Kan. 34, 795 P.2d 349 (1990), nor are we dealing with a general verdict on a felony-murder charge which alleged multiple underlying felonies, as in *State v. Garcia*, 243 Kan. 662, 763 P.2d 585 (1988). Likewise, we need not discuss *State v. Grissom*, 251 Kan. 851, 840 P.2d 1142 (1992), which disapproved some of the language quoted in *Garcia*. The case herein does not involve a general verdict. The jury specifically found defendant had two felonious intents when he entered the residence—the possession of methamphetamine and the commission of an aggravated assault. We have held the evidence was insufficient as to the former, but sufficient as to the latter. Thus, there is no opportunity to even speculate that the jury may have convicted defendant of aggravated burglary based upon a felonious intent which was not supported by the evidence. The State was not required to prove more than one of the alternatively charged felonious intents.

The judgment is affirmed.