(69 P.3d 205)

No. 88,855

STATE OF KANSAS, *Appellee*, v. JUAN C. ROMERO, *Appellant*.

—

Opinion filed May 23, 2003.

*Rick Kittel,* assistant appellate defender, for appellant.

*Charles L. Rutter,* assistant district attorney, *Nola Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before KNUDSON, P.J., MARQUARDT, J., and PADDOCK, S.J.

KNUDSON, J.: Juan C. Romero appeals after jury trial convictions for aggravated burglary and aggravated assault. Romero contends the evidence is insufficient to support his conviction for aggravated burglary. He does not appeal his conviction for aggravated assault.

The controlling facts are not in material dispute. The narrow issue is whether the residence had to be occupied by the victims at the time Romero entered without authority. The evidence is plain that the alleged victims did not arrive until after Romero had entered. Consequently, only in a secondary sense is sufficiency of the evidence the issue. The pivotal issue entails interpretation of K.S.A. 21-3716, and our standard of review is unlimited. See *Babe Houser Motor Co. v. Tetreault,* 270 Kan. 502, 506, 14 P.3d 1149 (2000).

K.S.A. 21-3716 defines aggravated burglary as "knowingly and without authority entering into or remaining within any building,

. . . other structure, . . . or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein."

Here, the State did not charge "remaining within," but instead alleged "entering into." Thus, the jury was properly instructed that the State must prove: (1) Romero knowingly entered a residence; (2) he did so without authority; (3) he did so with the intent to commit aggravated assault, a felony, therein; (4) at the time there was a human being in the residence; and (5) the act occurred on or about April 4, 2001, in Sedgwick County, Kansas. See PIK Crim. 3d 59.18.

In *State v. Reed*, 8 Kan. App. 2d 615, 663 P.2d 680, *rev. denied* 234 Kan. 1077 (1983), the defendants had aided and abetted a man who entered into an unoccupied residence. The owner returned home while the man was still inside. The charging document, alleging defendants aided and abetted aggravated burglary, omitted the "remaining within" language, as did the jury instruction in the present case.

On appeal, the defendants in *Reed* challenged their conviction, arguing the crime, as stated in the charging document, could not be proven because the house was unoccupied at the time of the unauthorized entry. This court examined the occupancy element of aggravated burglary and held the crime occurs whenever a human being is present in the structure during the course of the burglary. 8 Kan. App. 2d at 618. The charging document need not specify the point in time at which a person was present; it merely must allege that a person was present sometime during the course of the burglary. 8 Kan. App. 2d at 618-19.

In *State v. Fondren*, 11 Kan. App. 2d 309, 310, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986), this court again held the crime of aggravated burglary requires the place of the burglary to be occupied by a human being *at some point* during the course of the burglary. In doing so, this court quoted the following note from PIK Crim. 2d 59.18 (now PIK Crim. 3d 59.18): "When a person enters the premises after the burglary has commenced but before the defendant has left the premises, the offense constitutes aggravated burglary." 11 Kan. App. 2d at 311.

Romero acknowledges the holdings of *Reed* and *Fondren*. He argues, however, that because the specific intent to commit a felony must occur at the time of the unauthorized entry, the occupation element must also be satisfied at the time of the unauthorized entry. Romero's contention is only partially correct. Where, as here, a charge of aggravated burglary is based on the defendant's unauthorized entry into the structure, the specific intent to commit the ulterior felony must exist at the time of the unauthorized entry. See *State v. Bowen*, 262 Kan. 705, 709, 942 P.2d 7 (1997). This does not mean, however, that all of the elements of the crime must be present at the time of entry. As stated in *Reed* and *Fondren*, to constitute the crime of aggravated burglary, the structure must be occupied only at some point during the course of the burglary. Therefore, the victims' presence in the house after Romero had entered but while he was still there was sufficient to satisfy the occupancy element of aggravated burglary.

Romero questions the precedential value of *Reed* and *Fondren*, citing *State v. Mogenson*, 10 Kan. App. 2d 470, 701 P.2d 1339, *rev. denied* 238 Kan. 878 (1985), and *State v. Lora*, 213 Kan. 184, 515 P.2d 1086 (1973), which discuss aggravated burglary based on a defendant remaining within the structure without authority. At issue in *Mogenson* was when the requisite intent must be formed. In contrast, the issue in *Reed* was when a person must be present to satisfy the occupancy element. *Mogenson* simply held that in cases where aggravated burglary is based on remaining without authority after a lawful entry, the specific intent required can be present either at the time of the lawful entry or after authorization has been withdrawn. 10 Kan. App. 2d at 475. This holding has no bearing on the present case.

Romero likewise improperly relies on *Lora*. In *Lora*, the Supreme Court upheld the defendant's aggravated burglary convictions even though the house was unoccupied at the time of the defendant's entry. 213 Kan. at 195. The court explained the homeowners returned while the defendant was still inside, and they were present when the ulterior felonies—rape and attempted rape—were committed. 213 Kan. at 195.

As Romero correctly notes, the *Lora* court emphasized the statutory phrase "remaining within" when affirming the convictions. 213 Kan. at 195. Romero contends his conviction cannot be saved by the rationale in *Lora* because the jury instruction in his case omitted that language. Romero's narrow interpretation of *Lora* has been rejected by this court. In *Reed*, this court noted the *Lora* court's reliance on that phrase but concluded "the rationale of the opinion need not confine its holding." *Reed*, 8 Kan. App. 2d at 618.

Despite Romero's arguments to the contrary, it is clear there was sufficient evidence to support Romero's conviction of aggravated burglary.

Affirmed.