# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. McDaniel*, 2012 IL App (5th) 100575

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT McDANIEL, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0575 |
| Rule 23 Order filed<br>Motion to publish granted | September 7, 2012<br><br>October 12, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for burglary based on remaining within a retail store with the intent to commit a theft was reversed, since defendant did not "remain within" the store to commit a theft, he entered the store with authority, he did not exceed that authority, he left immediately after stealing fishing reels, he was properly convicted of retail theft, and the prosecution should not be allowed to convert retail theft into burglary under the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 10-CF-139; the Hon. Milton S. Wharton, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal

Michael J. Pelletier, Johannah B. Weber, and Edwin J. Anderson, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Brendan F. Kelly, State's Attorney, of Belleville, (Patrick Delfino, Stephen E. Norris, and Rebecca E. McCormick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.

Justices Welch and Wexstten concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Robert McDaniel, was charged with two counts of burglary (720 ILCS 5/19-1 (West 2010)) and one count of retail theft (over $150) (720 ILCS 5/16A-3 (West 2010) (repealed by Pub. Act 97-597, § 6 (eff. Jan. 1, 2012))). Defense counsel, in opening statement, conceded the theft charge and tried the case to the jury defending against the two counts of burglary. The first count alleged that defendant entered the store with intent to commit a theft; the second burglary count alleged defendant remained within the store with intent to commit a theft. After deliberation, the jury returned a verdict of not guilty on the first charge of burglary, entering the store with intent to commit a theft, and found defendant guilty of the second count, remaining within the store with intent to commit a theft. Defendant appeals only his burglary conviction, not the jury's verdict of guilty of retail theft. For the reasons stated below, we reverse.

¶ 2                                    FACTS

¶ 3    Defendant entered a Walmart store in Cahokia and immediately raised the suspicion of Joseph Agles, the store's loss prevention agent. What ignited Agles' suspicion was that defendant entered the store wearing sunglasses, a heavy coat, and a ski cap, according to Agles' testimony. Because his entry to the store was at 8:30 at night and, per Agles' testimony, it was not very cold outside, Agles became suspicious. Agles also testified that shoplifters often wear sunglasses and bulky clothing.

¶ 4    Agles tracked defendant through the store and also initiated the store's video surveillance system to watch him. He saw defendant pick up three fishing reels, remove them from their packages, put the empty packages back on the shelf, and place the three reels inside his coat. Defendant then headed for the store's exit, walking past cash registers without paying for the fishing reels. He was stopped by Agles and another manager, and fishing reels with a total retail value of $181 were recovered from defendant.

¶ 5      The surveillance video of defendant was placed on a DVD and the DVD was shown to the jury. It is uncontested that defendant was in the store about six minutes.

¶ 6      In closing arguments, the State asserted that the jury should find defendant guilty of the count charging "remaining within" on the basis that the intent to commit a theft arose after defendant entered the store and defendant remained in the store in order to commit the offense. The State also argued, as to the unauthorized entry charge, the first burglary charge, that defendant must have had an intent to commit a theft inside the store because he remained for only about six minutes. The State argued that by opening the fishing reel packages and then attempting to exit the store, defendant remained within the building.

¶ 7      After deliberation, the jury acquitted defendant of count I, charging burglary by unlawful entry with the intent to commit a theft, and found defendant guilty of count II, unlawfully remaining within the store with intent to commit a theft.

¶ 8      Defendant timely filed a posttrial motion alleging insufficient proof of burglary and that the State had been allowed to argue and submit to the jury an improper configuration of the "remaining within" charge. After briefing, the circuit court granted defendant's motion to vacate the conviction of burglary. The State filed a motion to reconsider, which was subsequently granted by the circuit court. The burglary conviction was reinstated and defendant was sentenced to two years of TASC probation with drug treatment. Defendant timely appeals.

¶ 9      Defendant did not appeal the theft charge, and the jury acquitted him of the first count of burglary, unlawful entry. This appeal concerns the second burglary count. For the reasons stated below, we reverse.

¶ 10      ANALYSIS

¶ 11      The jury's verdict acquitting defendant of count I, unlawful entry, reflects the recognition by the jury that the area entered by defendant is not a home or an employee-only area, but rather the general customer area of a retail store which permits and, in fact, encourages members of the public in general to enter with the hope and expectation that they will examine merchandise and decide to purchase the store's wares. The facts indicate, and the jury so determined, that defendant had authority to be within the building. The question before us is whether, having authority to enter the building and apparently not exceeding the physical scope of that authority, defendant's formation of an intent to commit a theft and acting upon that intent constituted the offense of burglary. The State urges that based on *People v. Boose*, 139 Ill. App. 3d 471, 487 N.E.2d 1088 (1985), and *People v. Boone*, 217 Ill. App. 3d 532, 577 N.E.2d 788 (1991), the conviction should be upheld. Defendant essentially hinges his argument on *People v. Vallero*, 61 Ill. App. 3d 413, 378 N.E.2d 549 (1978). The key question formed by the parties' arguments is the question of "remaining within." We conclude that the essentially uncontested evidence before us underlies a factual situation closer to *Vallero* than to *Boose* or *Boone*.

¶ 12      The State argues from *People v. Boose* the general proposition that a criminal intent formed after lawful entry can satisfy either retail theft or burglary by remaining within the building. *Boose*, however, is distinguished from the instant fact pattern in that, as the court

noted, the State charged Boose with burglary by illegal entry. The *Boose* court determined that the State had not met its burden in that the State failed to prove beyond a reasonable doubt that Boose possessed an intent to steal at the time he entered a department store open to the public during regular business hours. In *People v. Boone*, the defendant was similarly charged, but the State went to the jury on the "remaining within" theory. In *Boone*, the defendant, without authority, entered a vacant building and, accordingly, the *Boone* court reversed the defendant's conviction.

¶ 13   The State also argues *People v. Poe*, 385 Ill. App. 3d 763, 896 N.E.2d 453 (2008), in which the defendant was convicted of both burglary and theft. Poe drove into a lumber yard, told an employee that he was supposed to pick up an order for a home improvement customer, and upon receiving the appropriate "pick ticket," entered the warehouse where the materials, siding, were loaded into his truck. Poe was convicted of knowingly and unlawfully entering the lumber supply with intent to commit a theft and on appeal argued that his conviction violated the one-act, one-crime principle as the theft, in his argument, was a lesser-included offense of burglary. The court ruled otherwise. We note that the one-act, one-crime principle is not the basis for defendant's argument in the instant case.

¶ 14   Our recent opinion in *People v. Richardson*, 2011 IL App (5th) 090663, 956 N.E.2d 979, and *People v. Glover*, 276 Ill. App. 3d 934, 659 N.E.2d 78 (1995), cited in *Richardson*, better form the issue in this appeal.

¶ 15   In *Glover*, the defendant and his companion entered a church and asked a parishioner if they could use the telephone, indicating they had car trouble. The parishioner indicated she would get the pastor and they should wait where they were. The pastor, upon being summoned, saw that the men were gone and further observed them leaving the church carrying vacuum cleaners which came from a storage area. In *Richardson*, the defendant entered the retail floor of a liquor store but subsequently entered an office area in which cash and inventory were stored. The doors leading into this area read, "Employees Only." After Richardson left the building, an inventory indicated that lottery tickets and cash were missing.

¶ 16   In both *Richardson* and *Glover*, the defendants, while initially entering lawfully, had exceeded the scope of the authority granted to them in that lawful entry and, after exceeding the scope of authority, committed a theft. In the instant case, there is no allegation and the record does not reflect that defendant exceeded the scope of his authority to enter the general retail area of the store.

¶ 17   The instant case is much closer to *People v. Vallero*, 61 Ill. App. 3d 413, 378 N.E.2d 549 (1978). In *Vallero*, the defendant entered a dairy and, upon requesting an employment application, was directed to be seated at a desk at which payroll checks were being prepared. The defendant asked to use the restroom, which permission was granted. Upon returning, he submitted a blank job application and left the dairy. Shortly after his exit, an employee of the dairy realized that some of the payroll checks were missing, and the defendant subsequently forged and cashed some of the missing checks. The defendant was charged with burglary.

¶ 18   On appeal, the *Vallero* court found that the State failed to prove he either entered with intent to commit a theft or remained in the dairy with the intent to commit a theft, noting that

Vallero took the checks and then left. The *Vallero* court distinguished its fact situation with *People v. Manning*, 46 Ill. App. 3d 877, 361 N.E.2d 370 (1977), in which an individual hid in a store until it closed with the intent to commit a theft. In the instant case, defendant was found by the jury not to have entered the building with intent to commit a theft, and the record before us further shows that defendant did not exceed the scope of his authority to be within the building in that he remained in the general retail area open to the public. There is no issue in this case as to whether defendant committed a theft. Defendant raised no defense and the jury convicted him of that charge.

¶ 19 Our analysis of the essentially uncontested facts in the instant case and the authorities cited above indicates that defendant did not "remain within" in order to commit a theft. He entered with authority and did not exceed the physical scope of his authority and left immediately after stealing the fishing reels. Defendant was properly convicted of that theft. We agree with the argument made by defendant in his brief:

> "The State knows that [defendant] was truly 'stealing', rather than committing a burglary. The defense acknowledged at trial that shoplifting was what [defendant] was doing. *** In reality, the approach taken by the State in this prosecution, and in this appeal, will serve to convert every retail theft into a burglary.

> Ordinary burglary is a Class 2 felony punishable by three to seven years in prison. 720 ILCS 5/19-1 (West 2012) [*sic*]; 730 ILCS 5/5-4.5-35(a) (West 2012) [*sic*]. Standard retail theft of the type occurring in this case (theft not from the person, under $500) is a Class A misdemeanor punishable by up to 364 days in jail. 720 ILCS 5/16-1(b)(1) (West 2012) [*sic*]; 730 ILCS 5/5-4.5-55(a) (West 2012) [*sic*]. The difference in potential penalties is severe. Whether or not it is good public policy to convert potentially all retail theft prosecutions into more serious ones for burglary is a matter of speculation. Whether good or bad though, that decision does not rest with the police, prosecutors, or even the courts of this state. The legislature defines what actions constitute a crime and how the crime should be punished. *People v. Lee*, 167 Ill. 2d 140, 145 (1995). If the police and prosecutors of Illinois believe that harsher penalties should be available to punish retail theft, they should put the issue before the legislature and seek change in the laws through legislative amendment. This [c]ourt should not assist the prosecution in creating a *de facto* amendment to the criminal law by reading 'remaining within' so broadly that common shoplifting becomes burglary."

¶ 20 For the reasons stated above, we reverse the conviction of burglary.

¶ 21 Reversed.