2022 IL App (2d) 191029-U
No. 2-19-1029
Order filed February 17, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-439 |
| STEPHON R. WESBY, | ) ) ) | Honorable Liam C. Brennan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant was properly convicted of retail theft where a loss prevention officer testified that he clearly saw defendant and his companion conceal liquor in her purse and the store surveillance video did not contradict the officer's testimony as defendant claimed.

¶ 2   Following a jury trial, defendant, Stephon R. Wesby, was convicted of retail theft (720 ILCS 5/16-25(a)(1) (West 2018)) and sentenced to 24 months' probation, including 180 days in jail. He appeals, contending that he was not proved guilty beyond a reasonable doubt where the only eyewitness's testimony was contradicted by store surveillance video. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 The State alleged that defendant and Jacqueline Dempster stole four bottles of tequila from a Costco in Naperville. At trial, Scott Wise, a Costco loss prevention officer, testified that he was working on April 20, 2018. As he was walking toward the front of the store, his attention was drawn to a couple walking toward him. He identified defendant in court as one of the two people he saw. Defendant was accompanied by a tall female, whom the police later identified as Dempster. They were pushing a shopping cart containing what Wise initially called a "large empty bag" but later described as Dempster's purse.

¶ 5 Wise followed the pair to the liquor department. They "rolled the cart around for a little bit" before stopping near a pallet containing Patron tequila. The Patron bottles were individually boxed. They placed three boxes of Patron in their cart, then proceeded to the other end of the aisle. There, Dempster retrieved an individually boxed bottle of Don Julio tequila from a shelf and placed it in the cart. Defendant stood "[r]ight next to her." Wise then saw Dempster's "arm move[ ] up holding the bottle" of Don Julio, and she placed it directly into her purse.

¶ 6 Defendant and Dempster proceeded to move around the store before stopping at the back of aisle 104. There, defendant opened at least two of the boxes of Patron that were in the shopping cart and handed the bottles to Dempster, who placed them in her purse. Wise was observing them from the next aisle, 102. He was about 15 feet away. He watched them while standing behind a shelf in aisle 102. There were products on the shelf but nothing obstructed his view of defendant and Dempster. Defendant and Dempster "were facing towards [him]"; their "chests were facing towards [his] direction" and he could see their hands.

¶ 7 The pair then proceeded down aisle 104. They placed the empty tequila boxes on a shelf. Wise called the police. Defendant and Dempster eventually went through the registers without

paying for the tequila. Outside the store, Wise confronted Dempster and told her to stop. By this time, the police had arrived and the officers questioned defendant and Dempster.

¶ 8    Surveillance video from Costco was played for the jury. Wise identified the portion of the video that he claimed depicted defendant and Dempster standing at the back of aisle 104 while Dempster concealed the tequila bottles in her purse. Wise identified where he was standing at the time, but he is not visible in that portion of the video.

¶ 9    Officer Daniel McNally testified that he stopped defendant and Dempster outside the store. He searched Dempster's purse and found three bottles of Patron and a bottle of Don Julio concealed by makeup and tissue paper. Dempster did not have a wallet, cash, or credit cards in her purse.

¶ 10    The jury found defendant guilty. The court sentenced him to probation, including 180 days in jail. Defendant timely appeals.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant contends that the State did not prove beyond a reasonable doubt that he was accountable for Dempster's theft of the tequila. Defendant acknowledges Wise's testimony that he saw defendant helping Dempster conceal the liquor in her purse but contends that this testimony was contradicted by the surveillance video, which shows that the shelves along aisle 102 were stacked high with boxes. He contends that this would have made it impossible for Wise to have seen through the shelves as he claimed. Defendant's brief includes stills from the video, which indeed show shelves along aisle 102 stacked high with boxes.

¶ 13    When considering a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Smith*, 185 Ill. 2d 532, 541 (1999) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is

the trier of fact's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *People v. Bradford*, 2016 IL 118674, ¶ 12. Therefore, we will not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses. *Id.* We will not reverse a criminal conviction unless the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt. *People v. Gray*, 2017 IL 120958, ¶ 35.

¶ 14 A person is legally accountable for another's criminal conduct when " '[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense.' " *People v. Dennis*, 181 Ill. 2d 87, 96 (1998) (quoting 720 ILCS 5/5-2(c) (West 1992). To prove that a defendant possessed the intent to promote or facilitate a crime, the State must prove either that the defendant shared the principal's criminal intent or that the principal and the defendant shared a criminal design. *People v. Ivy*, 2015 IL App (1st) 130045, ¶ 30.

¶ 15 Wise testified that he saw defendant helping Dempster conceal tequila bottles in her purse. The testimony of a single witness is sufficient to sustain a conviction if the testimony is positive and credible. *People v. Harris*, 2018 IL 121932, ¶ 27. Moreover, nothing in the surveillance video directly contradicts, or even tends to discredit, Wise's testimony that he observed the pair through the shelves from the adjacent aisle.

¶ 16 Defendant concedes that, if Wise's testimony is accurate, defendant was guilty of retail theft by accountability. Defendant also makes significant concessions about the portion of the surveillance video that Wise claimed depicted defendant and Dempster standing at the end of aisle 104 while Dempster concealed the tequila bottles in her purse. He concedes: (1) the video, taken from a distance, does not clearly show defendant's and Dempster's activities at the time; (2) the

video, taken from above at an angle, shows a view down an aisle that abuts the ends of other aisles, including aisles 102 and 104, and not a view *down* aisle 102, where Wise claimed to be located; and (3) Wise is not visible on the video. As the State points out, while the video shows boxes on the shelves, they are of different sizes and shapes, creating gaps between them, and they are not uniformly stacked from floor to ceiling. It is entirely possible that Wise was standing in a spot where he could see between the boxes. As the video does not definitively show where Wise was, we cannot say that the video affirmatively contradicts his testimony that he could see defendant and Dempster through a gap in the boxes.

¶ 17     Defendant also suggests that the video discredits Wise's testimony that defendant and Dempster were both facing him. He claims that the stills in his brief show defendant's and Demspter's "chests *** perpendicular to one another, making it impossible for them both to be facing him as he claimed." Defendant seems correct about defendant's and Dempster's positions relative to each other. His inference, however, is an overreach. Depending on where Wise was standing, it could have been at least roughly accurate to say that both defendants were facing him. In any event, the issue was collateral to the issue of defendant's guilt.

¶ 18                                III. CONCLUSION

¶ 19     For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 20     Affirmed.