2024 IL App (1st) 231105-U

No. 1-23-1105

Order filed November 4, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. YK048708 |
| | ) | |
| OLGA RODRIGUEZ, | ) | Honorable |
| | ) | Rouhy J. Shalabi, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Pucinski and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm defendant's conviction for driving under the influence of alcohol where the evidence was sufficient to prove she was impaired.

¶ 2    Following a bench trial, defendant Olga Rodriguez was found guilty of disobeying a stop sign, operating an uninsured motor vehicle, transporting an open container of alcohol within a

motor vehicle, and driving under the influence of alcohol. Defendant was sentenced, respectively, to concurrent terms of four months' supervision, four months' conditional discharge, four months' supervision, and 24 months' conditional discharge. On appeal, defendant argues that the State failed to prove she was impaired by alcohol in order to sustain a conviction for driving under the influence. We affirm.

¶ 3       On January 4, 2022, defendant was issued four citations for disobeying a stop sign (625 ILCS 5/11-1204(b) (West 2022)), operating an uninsured motor vehicle (625 ILCS 5/3-707(a) (West 2022)), transporting an open container of alcohol within a motor vehicle (625 ILCS 5/11-502(a) (West 2022)), and driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2022)).

¶ 4       At trial, Melrose Park police officer Fazio testified that on January 4, 2022, he responded to a hit and run incident at the intersection of 14th Avenue and Chicago Avenue.[1] Two vehicles were present. Fazio spoke with the driver of one vehicle who stated that the other driver was still on scene. Fazio then spoke with the other driver, identified in court as defendant, who appeared "rattled." There was a stop sign on 14th Avenue, the street defendant was traversing, but no stop sign on Chicago Avenue, the street the other driver was traversing.

¶ 5       Defendant was "slurring" when she initially spoke to Fazio. She was "disoriented," had a laceration on her knee that was bleeding "pretty badly," and had an odor of alcohol on her breath. She was also "unable to explain *** properly" where she was going to or coming from. Fazio

---

[1] On direct examination, defense counsel erroneously stated that the incident occurred on January 4, 2021. The error was corrected on cross-examination to reflect a date of January 4, 2022. Officer Fazio's first name does not appear in the record.

directed defendant to sit in his squad car until paramedics arrived. On cross-examination, Fazio did not recall if defendant's airbags had deployed.

¶ 6      Melrose Park police officer Schiller testified that he was trained in DUI detection that included written examinations, oral examinations, practical exercises, and standardized field sobriety test refresher courses.[2]   When officers cannot conduct field sobriety tests, they make "general observations" about an individual including observations about the individual's eyes, speech, odors, admissions, and reasons for being unable to perform a field sobriety test. Field sobriety tests may not be conducted if the individual has been in a bad vehicular accident. Other DUI detection indicia include slurred or "non-understandable" speech, strong odors of cannabis or alcohol, dilated pupils, and bloodshot, glassy, or watery eyes.

¶ 7      Schiller arrived on scene on January 4, 2022, sometime after 10:45 p.m. and observed Fazio and Officer Spatafora.[3] Schiller did not speak with defendant before she was transported to the hospital by paramedics. Schiller and Spatafora conducted an inventory search of defendant's vehicle. Defendant's airbags had deployed. Spatafora located an open bottle of D'USSE cognac on the passenger's side floorboard.

¶ 8      The State introduced photographs from the scene, which were admitted into evidence without objection. This court has viewed the photographs, which are included in the record on appeal. One photograph depicts deployed airbags from defendant's vehicle and two photographs depict two bottles of D'USSE in defendant's vehicle.

---

[2] Officer Schiller's first name does not appear in the record.
[3] Officer Spatafora's first name does not appear in the record.

¶ 9     Schiller further testified that after conducting the inventory search, he went to the hospital to speak to defendant. Defendant had "bloodshot, glassy" eyes and slurred speech. She admitted to consuming D'USSE cognac around 5 p.m., driving the vehicle involved in the accident, and having a stop sign while the other driver did not. She also stated that the other driver hit her vehicle. Schiller did not recall offering field sobriety tests to defendant because he did not want to impede her medical care. After defendant was read the Warnings to Motorists, she refused "chemical testing." Schiller had interacted with approximately 500 to 750 individuals under the influence of alcohol, and defendant's behavior was consistent with those individuals. Based on Schiller's training, observations, and experience, he concluded that defendant was under the influence of alcohol while operating a motor vehicle.

¶ 10    On cross-examination, Schiller testified that damage from deployed airbags could sometimes by fatal. Schiller had never seen disorientation from someone being hit from a deployed airbag in any accident involving no alcohol impairment. Defendant was "very mouthy" with Schiller at the hospital.

¶ 11    Defendant moved for a directed finding alleging that the officers used "boilerplate" language in describing her demeanor after the accident, no conclusive evidence established whether or how much she had drunk prior to the accident, and her demeanor after the accident could have resulted from damage due to the airbags deploying. The trial court denied the motion.

¶ 12    The trial court found defendant guilty on all charges. In its ruling, the trial court noted that defendant refused medical testing, was "argumentative or combative," and had the stop sign and the duty to "observe any oncoming traffic." Based on the officers' observations, defendant's admission to drinking, and the two open bottles of alcohol found in her vehicle, the court found

her guilty of driving under the influence of alcohol. Furthermore, the court found incredible defendant's theory that the deployed airbags could have contributed to her behavior, concluding no evidence suggested that defendant suffered injuries or disorientation from the airbags. Defendant filed a motion to reconsider and for judgment of acquittal, which the trial court denied.

¶ 13 The trial court sentenced defendant to four months' supervision for disobeying a stop sign, four months' supervision for transporting open alcohol, four months' conditional discharge for operating an uninsured vehicle, and 24 months' conditional discharge for driving under the influence of alcohol, all to be served concurrently.

¶ 14 On appeal, defendant challenges the sufficiency of the evidence establishing that she was impaired by alcohol in order to sustain a conviction for driving under the influence.

¶ 15 In considering a challenge to the sufficiency of the evidence, the relevant inquiry is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. McLaurin*, 2020 IL 124563, ¶ 22 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This court will not retry the defendant. *People v. Nere*, 2018 IL 122566, ¶ 69. The trier of fact's role is to "assess the credibility of the witnesses, weigh the evidence presented, resolve conflicts in the evidence, and draw reasonable inferences from the evidence." *People v. Daniel*, 2022 IL App (1st) 182604, ¶ 102. A reviewing court will not substitute its judgment for that of the trier of fact with respect to those issues. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009).

¶ 16 The trier of fact need not "disregard inferences that flow normally from the evidence before it" or "search out all possible explanations consistent with innocence and raise them to a level of

reasonable doubt." *People v. Jackson*, 2020 IL 124112, ¶ 70. Therefore, we "must allow all reasonable inferences from the record in favor of the prosecution." *People v. Givens*, 237 Ill. 2d 311, 334 (2010). A conviction will not be set aside unless "the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Bradford*, 2016 IL 118674, ¶ 12.

¶ 17    To prove defendant guilty of driving under the influence, the State was required to show that she was driving or in actual physical control of a vehicle while under the influence of alcohol beyond a reasonable doubt. 625 ILCS 5/11-501(a)(2) (West 2022). Defendant does not dispute that she was in actual physical control of the vehicle, only that she was impaired or under the influence of alcohol.

¶ 18    A defendant is under the influence of alcohol when, as a result of consuming alcohol, his or her "mental or physical faculties are so impaired as to reduce [the] ability to think and act with ordinary care" so much that it "renders [the defendant] incapable of driving safely." (Internal quotation marks omitted.) *People v. Groebe*, 2019 IL App (1st) 180503, ¶ 57. The State is not required to present scientific proof, such as a breath or blood alcohol test, and may rely solely on circumstantial evidence, such as testimony that the defendant had bloodshot or glassy eyes, breath that smelled of alcohol, and refused to submit to chemical testing. *Groebe*, 2019 IL App (1st) 180503, ¶ 58; *People v. Morris*, 2014 IL App (1st) 130512, ¶ 20. Moreover, "[t]he testimony of a single, credible police officer may alone sustain a conviction for driving under the influence of alcohol." *People v. Phillips*, 2015 IL App (1st) 131147, ¶ 18.

¶ 19    It is the trier of fact's duty to resolve whether a defendant was under the influence of alcohol. *Groebe*, 2019 IL App (1st) 180503, ¶ 57. In making that determination, a trier of fact may

consider "the officer's observations, such as the defendant's conduct, speech, or appearance; the odor of alcohol on the defendant's breath; and testimony that the defendant failed a field sobriety test." *Id*. ¶ 58. "Any evidence of alcohol consumption is relevant to the issue of impairment." *Id*.

¶ 20 Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found defendant was impaired and under the influence of alcohol during the accident. The officers testified that they responded to a hit and run accident. Fazio spoke with defendant at the scene and she appeared "rattled," "disoriented," and had slurred speech. He also smelled alcohol on her breath. He noted she had the stop sign while the other driver did not, and she could not "properly" explain where she was going to or coming from.

¶ 21 Schiller testified that he conducted an inventory search of defendant's vehicle where two open bottles of D'USSE were recovered on the passenger floorboard. When he spoke to defendant at the hospital, she had bloodshot and glassy eyes and slurred speech. She also became "mouthy." Defendant admitted to drinking D'USSE earlier in the day and refused chemical testing when requested. Based on his training, experience, and observations, Schiller believed that defendant was under the influence of alcohol during the accident. The trial court found both officers' testimony credible, a determination we will not reassess. *Siguenza-Brito*, 235 Ill. 2d at 224-25 (a reviewing court will not substitute its judgment for that of the trial court with respect to credibility issues).

¶ 22 Photographs from the scene corroborate Schiller's testimony in depicting two bottles of D'USSE cognac found in the vehicle and defendant admitted to drinking that alcohol earlier in the day. Under the totality of the circumstances, *i.e.*, the officers' observations of defendant's demeanor including her disorientation, bloodshot eyes, slurred speech, smell of alcohol on her

breath, and combative behavior, coupled with her admissions that she had drunk D'USSE earlier in the day, her refusal to submit to chemical testing, and the two open bottles of D'USSE in her vehicle, it was reasonable for the court to infer that defendant was impaired. Construing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found that defendant was driving under the influence of alcohol. See *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004) (all reasonable inferences are viewed in the light most favorable to the prosecution).

¶ 23    Nevertheless, defendant argues that her "behavior and demeanor" could be attributed to causes other than impairment. Specifically, defendant contends that the deployed airbags could have caused her disorientation and slurred speech.

¶ 24    Contrary to defendant's contention, ample evidence aside from disorientation and slurred speech supported the reasonable inference that she was under the influence of alcohol. Moreover, Schiller testified that in his experience, he never knew disorientation to be present in someone who had been injured from deployed airbags resulting from an accident involving no alcohol impairment. Furthermore, in its ruling, the trial court discredited this argument finding no evidence suggested that defendant suffered injuries or disorientation from the deployed airbags. The trier of fact is not required to "disregard inferences that flow normally from the evidence before it" or "search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *Jackson*, 2020 IL 124112, ¶ 70. Construing all the evidence and reasonable inferences therefrom in the light most favorable to the State, we find the evidence was sufficient to find defendant guilty of driving under the influence of alcohol. See *Cunningham*, 212 Ill. 2d at 280.

¶ 25     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26     Affirmed.